IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BETTY & DANNY ORTIZ,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | |
| § | **Civil Action No. 4:16-cv-141** |
| **SETERUS, INC., TERRY ROSS,** § | |
| **CHRISTOPHER SUMMERS, FELECIA** § | |
| **CLARK, AND JANNA CLARKE** § | |
| § | |
| **Defendants.** § | |

## NOTICE OF REMOVAL

Defendant Seterus, Inc. ("Seterus") hereby files this *Notice of Removal* pursuant to 28 U.S.C. §§ 1331, 1332, 1348, 1441, and 1446. In support of this Notice, Defendant states as follows:

## SUMMARY

1. Plaintiffs Betty Ortiz and Danny Ortiz ("Plaintiffs") filed this action on January 28, 2016, in the 17th Judicial District Court for Tarrant County, Texas, Cause No. 17-283504-16, in the matter styled *Betty & Danny Ortiz v. Seterus, Inc. and Terry Ross, Christopher Summers, Felecia Clark, Janna Clarke* (the "State Court Action").

2. The allegations in Plaintiffs' *Petition for Judicial Review of a Documentation Purporting to Create a Judgment Lien and Preliminary Injunction* ("Original Petition") relate to a deed of trust and foreclosure proceedings on the property located at 845 W. Cleburne Road, Crowley, Texas 76036 (the "Property").

3. In their Original Petition, Plaintiffs allege that the deed of trust is void because Plaintiffs rescinded the deed through the exercise of their right provided by 15 U.S.C. § 1635. (*Pl.'s Orig. Pet.* Sec. VI-VII.) As a result, Plaintiffs seek a declaration that the deed of trust is

void and an injunction prohibiting Terry Ross, Christopher Summers, Felecia Clark, and Janna Clarke (the "Trustees") from conducting a foreclosure sale of the Property. (*Id.* at Prayer.)

4. Attached hereto as <u>Exhibit A</u> is a copy of the Docket Sheet from the State Court Action. True and correct copies of all pleadings filed in the State Court Action are attached within the contents of <u>Exhibit B</u>.

5. This Notice of Removal is timely because it has been less than 30 days since Seterus was served with the Original Petition. *See* 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    There is complete diversity.**

6. Removal of the State Court Action to this Court is proper because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees, and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1332, 1441(a) and (b).

7. Plaintiffs are residents of Tarrant County, Texas. (*See Pl.'s Orig. Pet.* Sec. I.) Thus, they are domiciliaries and citizens of the State of Texas for diversity purposes. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

8. Defendant Seterus, Inc. is a Delaware corporation with its principal place of business in North Carolina, making it a citizen of Delaware and North Carolina for diversity purposes.

### *i.    Improper Joinder*

9. The doctrine of improper joinder entitles an out-of-state defendant to remove to federal court when an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id.*

10. *Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted). In this case, only the second implication of improper joinder is an issue. The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, *not merely theoretical.*" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

11. In determining whether there is a reasonable basis to predict whether the plaintiff might recover against the in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft,* 556 U.S. 662, 663 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier,* 801 F.2d 789, 791-92 (5th Cir.1986).

> ***ii.   Terry Ross, Christopher Summers, Felecia Clark, and Janna Clarke have been improperly joined as trustees.***

12. Plaintiffs have failed to make any specific allegations against Defendants Terry Ross, Christopher Summers, Felecia Clark, and Janna Clarke. Foreclosure trustees are regarded as agents. *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ). Here, they are agents of the beneficiary—Defendant Seterus. Courts have held that where

both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent . . . must be ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect).

13. Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. *See* TEX. PROP. CODE § 51.007. Thus, the Trustees are not necessary parties for Plaintiffs to obtain the relief they seek, and the Trustees' presence must be disregarded for purposes of determining diversity. *See Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 709 (N.D. Tex. 2011); *Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.—San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure)). As such, the citizenship of the Trustees should be disregarded.

14. Ignoring the citizenship of the improperly joined Trustees, Plaintiffs do not share a state of citizenship with any properly joined defendant. Therefore, there is complete diversity of citizenship between plaintiffs and defendants and this Court has subject matter jurisdiction over this action.

15. Because there is diversity of citizenship between plaintiffs and defendants, this Court has subject matter jurisdiction over this action.

**B.     The amount in controversy exceeds $75,000.00.**

16. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553,

190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed).

17. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

18. Plaintiffs seek to declare the deed of trust on the Property to be void and to enjoin foreclosure pursuant to a default on the mortgage note and a breach of the deed of trust. (*See Pl.'s Orig. Pet.* Sec. 5, 8, Prayer.) As a result, Plaintiffs have put an amount in controversy equal to the value of the Property. The Tarrant County Appraisal District values the Property at $348,800.00, an amount well in excess of $75,000.00. (*See* Exs. C, C-1.) Thus, the amount-in-controversy requirement has been met.

**BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

19. This action arises under and presents substantial questions of federal law under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. Plaintiffs' claims in this action arise under federal law and are apparent from the face of Plaintiffs' Petition.

20. In particular, Plaintiffs seek a judgment declaring that the deed of trust on the Property is void due to a rescission made through 15 U.S.C. § 1635. (*See Pl's Pet.* Sec. 7.)

21. This Court also has jurisdiction over the remaining claims under 28 U.S.C. Section 1367, because these claims arise out of the same operative facts as the Plaintiffs' federal claim and "form[] part of the same case or controversy under Article III of the United States Constitution." Removal of this entire cause is therefore proper under 28 U.S.C. Section 1441(c).

22. Because this cause of action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, and removal of this entire cause is therefore proper under 28 U.S.C Section 1441(c).

## VENUE

23. Venue for removal is proper in this District and Division because they embrace the 17th Judicial District Court for Tarrant County, Texas, the forum in which the removed action was pending. *See* 28 U.S.C. §§ 124, 1441(a).

## NOTICE

24. Concurrently with the filing of this Notice of Removal, Seterus will file a copy of it with the Clerk of the 17th Judicial District Court for Tarrant County, Texas.

Respectfully submitted,

By: */s/ Melvin L. Laurel*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
**MELVIN L. LAUREL**
Texas Bar No. 24074578
mlaurel@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR SETERUS, INC.**

## **LIST OF ALL KNOWN COUNSEL OF RECORD**

For Plaintiffs:

Betty Ortiz and Danny Ortiz
845 W. Cleburne Road
Crowley, TX 76036
*Pro se*


For Seterus Inc.:

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Melvin L. Laurel
Texas Bar No. 24074578
mlaurel@mwzmlaw.com
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686


For Terry Ross, Christopher Summers, Felecia Clark and Janna Clarke:

Crystal G. Roach
Texas Bar No. 24027322
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A     Copy of the Docket Sheet for Cause No. 017-283504-16 in the 17th District Court of Tarrant County, Texas;

Exhibit B     Pleadings in Cause No. 017-283504-16 in the 17th District Court of Tarrant County, Texas;

     B-1     Plaintiff's Original Petition, filed on January 28, 2016;

     B-2     Citation Issued on Christopher Summers on February 1, 2016 and Returned on February 4, 2016;

     B-3     Citation Issued on Terry Ross on February 1, 2016 and Returned on February 4, 2016;

     B-4     Citation Issued on Janna Clarke on February 1, 2016 and Returned on February 4, 2016;

     B-5     Citation Issued on Felecia Clark on February 1, 2016 and Returned on February 4, 2016;

     B-6     Terry Ross, Christopher Summers, Felecia Clark and Janna Clarke Original Answer, Affirmative Defenses and Verified Denial to Plaintiffs' Original Petition, Filed on February 17, 2016;

     B-7     Citation Issued to Seterus, Inc. on February 1, 2016 and Returned on February 15, 2016;

Exhibit C     Declaration of Melvin L. Laurel

     C-1     Property Data Sheet from the Tarrant County Appraisal District website on February 22, 2016.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 22nd day of February 2016, a true and correct copy of the foregoing document was delivered via the method indicated to the following parties:

*Via First-Class Mail and CMRR7011 1570 0001 7601 0236*
Betty Ortiz
Danny Ortiz
845 W. Cleburne Road
Crowley, TX 76036

*Via ECF*
Crystal G. Roach
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Ste. 100
Addison, Texas 75001

           */s/ Melvin L. Laurel*
           **MELVIN L. LAUREL**