IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BETTY & DANNY ORTIZ, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:16-cv-141-O |
| SETERUS, INC., TERRY ROSS, § | |
| CHRISTOPHER SUMMERS, FELECIA § | |
| CLARK, AND JANNA CLARKE § | |
| § | |
| Defendants. § | |

**DEFENDANT SETERUS, INC.'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Seterus, Inc. ("Seterus"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this *Brief in Support of its Motion to Dismiss for Failure to State a Claim* ("Motion") and respectfully shows the Court as follows:

**I.   SUMMARY**

1.   Plaintiffs Betty Ortiz and Danny Ortiz ("Plaintiffs") filed their *Petition for Judicial Review of a Documentation Purporting to Create a Judgment Lien and Preliminary Injunction* ("Original Petition") on January 28, 2016, in the 17th Judicial District Court for Tarrant County, Texas, Cause No. 17-283504-16.  The matter was removed to this Court on February 22, 2016.  (ECF No. 1.)

2.   Plaintiffs allegations contest Seterus's foreclosure proceedings on the property located at 845 W. Cleburne Road, Crowley, Texas 76036 (the "Property").

3.   In their Original Petition, Plaintiffs allege that the deed of trust is void because Plaintiffs rescinded the deed through the exercise of their right provided by 15 U.S.C. § 1635. (*Pl.'s Orig. Pet.* Sec. VI-VII, Ex. B.)  As a result, Plaintiffs seek a declaration that the deed of trust is void and an injunction prohibiting Terry Ross, Christopher Summers, Felecia Clark, and

Janna Clarke (the "Trustees") from conducting a foreclosure sale of the Property. (*Id.* at Prayer.) Plaintiffs fail, however, to set forth sufficient legal or factual allegation to support their claims for relief.

4. By this Motion, Seterus seeks dismissal, with prejudice, of all claims alleged against it by Plaintiffs because their Original Petition fails to state a claim upon which relief can be granted.

## II.   STANDARD UNDER RULE 12(b)(6)

5. Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings to determine whether relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Moreover, in considering whether a motion to dismiss should be granted based on the Plaintiff's failure to state a plausible claim for relief, the Plaintiff's factual allegations must establish "more than a 'sheer possibility' a defendant has acted unlawfully." *Machete Prods. L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.   BACKGROUND FACTS

6. On January 28, 2016, Plaintiffs filed their Original Petition, which alleges that the deed of trust is void because Plaintiffs rescinded the deed through the exercise of their right

provided by 15 U.S.C. § 1635. (*Pl.'s Orig. Pet.* Sec. VI-VII, Ex. B.) As such, Plaintiffs seek an order declaring that the deed of trust is void and enjoining the Trustees from foreclosing on the Property to prevent them from suffering "immediate and irreparable injury." (*Id.* at Sec. VIII, X, Prayer.)

7. The subject deed of trust dated February 22, 2006 was attached to the Original Petition as Exhibit A. (*Pl.'s Orig. Pet.* Sec. V.) The purported rescission dated September 20, 2015 was attached to the Original Petition as Exhibit B. (*Pl.'s Orig. Pet.* Sec. IV(B).)

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiffs fail to state a claim for rescission under the Truth in Lending Act.

8. Plaintiffs' cause of action under the Truth in Lending Act ("TILA"), 15 USC § 1601 *et seq.*, fails because Plaintiffs have not alleged facts to support any claim under the act, and Plaintiffs' claim is not plausible on its face. Plaintiffs have failed to show that: (1) the right to rescind granted by TILA applies to this loan; (2) that a rescission was made; and (3) that the purported rescission was timely.

9. For certain transactions with a lien on the borrower's principal dwelling, the borrower has "the right to rescind the transaction until midnight of the third business day following the consummation of the transaction" or delivery of the disclosures required by TILA, whichever is later. 15 U.S.C. § 1635(a). This right does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635(e)(1); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-4820-L, 2015 U.S. Dist. LEXIS 57811, 2015 WL 2069583, at *10 (N.D. Tex., 2015). These are transactions in which a deed of trust "is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w); *Gipson*, 2015 WL 2069583, at *10.

10. Plaintiffs' mortgage is a residential mortgage. (*See Pl.'s Orig. Pet.* Ex. A.) As a residential mortgage, the right to rescind does not apply to this loan, and Plaintiffs' claim for rescission under TILA necessarily fails.

11. The Supreme Court has noted that to survive a Rule 12(b)(6) motion "requires more than labels and conclusions" and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs claim that they rescinded the transaction, citing the document attached to their Original Petition as Exhibit B. (*Pl.'s Orig. Pet.* Sec. VI(B).) Examination of the letter proffered by Plaintiffs shows that it is not in fact titled as a "Rescission Notice" as claimed in the Original Petition, and does not contain any rescission language whatsoever. (*See Pl.'s Orig. Pet.* Sec. VI(B), Ex. B.) Because Plaintiffs have failed to plead even a facially valid rescission, their claim under TILA must fail.

12. The right to rescind is available "until midnight of the third business day following the consummation of the transaction" or delivery of the disclosures required by TILA, whichever is later. 15 U.S.C. § 1635(a). This right is limited to "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first…" 15 U.S.C. § 1635(f).

13. Here, the subject deed of trust is dated February 22, 2006, while the alleged rescission is dated September 20, 2015. (*Pl.'s Orig. Pet.* Ex. A, B.) Because the alleged rescission is far after the allowed three years past the consummation of the transaction, the rescission was not timely and Plaintiffs' claim should be dismissed.

**B. Plaintiffs are not entitled to injunctive relief.**

14. Plaintiffs seek to temporarily—and, ultimately, permanently—enjoin Seterus from proceeding with foreclosure. (*Pl.'s Orig. Pet.* at Prayer.) A request for injunctive relief may only be granted, however, if the plaintiff has a probable right of recovery on his other claims. To obtain injunctive relief, a plaintiff-movant must show: (1) a substantial likelihood of success on

the merits of the movant's claims; (2) a substantial threat that movant will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs any harm that the other party might suffer if the injunction is entered; and (4) an injunction will not disserve the public interest." *Calderon v. Bank of Am. N.A.*, F. Supp. 753, 770 (W.D. Tex. 2013) (citing *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)). Because Plaintiffs have failed to plead a viable cause of action against Seterus, as set forth above, Plaintiffs are not entitled to an injunction as requested.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Seterus, Inc. requests that all of Plaintiffs' claims be dismissed with prejudice, and that they take nothing by this judgment. Seterus further prays for such other and further relief to which it is justly entitled.

Respectfully submitted,

By: */s/ Melvin L. Laurel*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
**MELVIN L. LAUREL**
Texas Bar No. 24074578
mlaurel@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR SETERUS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 29th day of February 2016, a true and correct copy of the foregoing document was delivered via the method indicated to the following parties:

*Via First-Class Mail and CMRR*
Betty Ortiz
Danny Ortiz
845 W. Cleburne Road
Crowley, TX 76036

*Via ECF*
Crystal G. Roach
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Ste. 100
Addison, Texas 75001

              */s/ Melvin L. Laurel*
              **MELVIN L. LAUREL**