Betty & Danny Ortiz
845 W. Cleburne Road
Crowley, TX

ORIGINAL

FILED
MAR 21 2016  3:45

CLERK, U.S. DISTRICT COURT
By _____
                          Deputy

Case # 4:16-cv-141-O

**Betty and Danny Ortiz**

**vs.**

**Seterus, Inc, and Terry Ross, Christopher Summers, Felecia Clark & Janna Clarke**

**IN THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION**

# Motion for Remand and Challenge to Subject Matter Jurisdiction

## I.    JUDICIAL NOTICE

Plaintiff moves the court to take judicial notice of the 2011 Venue and Removal Clarification Act which reads in pertinent part as follows:

SEC. 103.  REMOVAL AND REMAND PROCEDURES.

(c) JOINDER OF FEDERAL LAW CLAIMS AND STATE LAW CLAIMS. —

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental juris- diction of the district court or a claim that has been made non removable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).  ".

## II.   PROCEDURAL HISTORY

### A. MORTGAGE CONTRACT WITH CHASE BANK NA

On the 15th day of March, 2006 there was filed with the recorder a document given document number: D206075139 Said document was evidence of a mortgage contract with Chase Bank NA. Said mortgage contract included a security instrument titled "Deed of Trust."  Said deed of trust was provided to Plaintiff by Chase Bank NA and was prepared by Chase Bank NA without consultation with Plaintiff.   As a condition of the contract, Plaintiff was required to agree to all the covenants of same.

In the Deed of Trust Plaintiff granted to Chase Bank NA two primary privileges.   Those privileges included a claim against the property and a confessed judgment of said claim.   Said privileges were granted on the condition that all notices as required by this contract and applicable law be provided as follows:

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Said deed of trust further included the proviso that both parties would abide by all relevant law as follows:

> **16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.
>
> As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

### B. NOTICE OF RESCISSION

On or before the 19th day of February, 2016 Petitioner forwarded to Federal National Mortgage Association, a document titled: QUALIFIED WRITTEN REQUEST / RESCISSION NOTICE *(see attached as Exhibit B).*

Said notice was made by certified mail as evidenced by the United States Postal Service certified return receipt number 7013 1090 00001 0805 6414 included in Exhibit C.

As of the date of this filing, Federal National Mortgage Association has failed to provide tender or give notice of objection to said notice of rescission.

## III.   CHALLENGE TO SUBJECT MATTER JURISDICTION

### A.  CHALLENGE IS TIMELY

This instant challenge to the subject matter jurisdiction of this court is timely raise.

> Subject-matter jurisdiction cannot be waived, and it may be raised at any point in the proceeding. Alfonso v. Skadden, 251 S. W. 3d 52, 55 (Tex. 2008) (per curiam); OAIC Commercial Assets, L. L. C. v. Stonegate Village, L. P. , 234 S. W. 3d 726, 735 (Tex. App. -Dallas 2007, pet. denied).

> Subject-matter jurisdiction cannot be waived, and can be raised at any time. Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S. W. 3d 351, 358 (Tex. 2004). Because

the trial court lacked subject-matter jurisdiction to enter the custody provisions in the 1999 divorce decree, it properly refused to enforce that portion of the decree here.

## B.  CHALLENGE NEGATES JURISDICTION

By the above, petitioner challenges the subject matter jurisdiction of this court.  Therefore, this

court now is without jurisdiction.

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

## C.  COURT MUST PROVE JURISDICTION

Petitioner demands that this court prove up its authority to rule in the instant matter.

> Subject matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived. Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S. W. 2d 440, 443-44 (Tex. 1993). The reviewing court determines whether subject matter jurisdiction exists as a question of law, subject to de novo review. Mayhew v. Town of Sunnyvale, 964 S. W. 2d 922, 928 (Tex. 1998).

## D.  PETITION TO REMOVE INSUFFICIENT TO ESTABLISH JURISDICTION

Petitioner demands that the court strike Plaintiff's petition as said document fails to sate facts

sufficient to determine jurisdiction.

> "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." Miranda, 133 S. W. 3d at 226-27 (citing County of Cameron v. Brown, 80 S. W. 3d 549, 555 (Tex. 2002))."If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." Id. at 227.

## E.  JURISDICTION NOT WITHIN DISCRETION OF COURT

Petitioner reminds this court that the matter if jurisdiction is not a matter within the discretion of

this court.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215.

"The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

### F. ACTS BY COURT A NULLITY

Petitioner notices this court that any action taken by the court absent proof of is a nullity.

> "A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

### G. JURISDICTION IS ESSENTIAL

This court may not proceed until such time as the issue of subject matter jurisdiction have been

proven. A failure to do so would amount to a fundamental violation of the due course of the laws

and subject this court to potential litigation.

> Subject matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived. Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S. W. 2d 440, 443-44 (Tex. 1993). The reviewing court determines whether subject matter jurisdiction exists as a question of law, subject to de novo review. Mayhew v. Town of Sunnyvale, 964 S. W. 2d 922, 928 (Tex. 1998).

### H. FEDERAL COURT LACKED SUBJECT MATTER JURISDICTION

On the 1st day of Februray, 2016 Petitioner filed a petition for declaratory judgment in the form

of a Petition to Quiet Title/Trespass to Try Title in the District Court of Tarrant County, Texas.

Said filing was a petition for declaratory judgment alleging, that a certain substitute trustees deed

filed with the Tarrant County Recorder of Deeds, by Defendant Felecia Clark was invalid and of

on force and effect. The action is brought purely under state law and implicates no federal

jurisdiction. The action does not challenge the validity of any claim any party may have

concerning any debt obligation. The petition alleges only that a document filed with the recorder

is void and of no force and effect.

## I. *FEDERAL JUDGE MAY NOT RULE ON STATE CLAIMS*

In the year 2012 the law concerning removal of a state case to the federal courts changed with the passage of the Federal Court Jurisdiction and Venue Clarification Act. Fourth, the Act eliminates a federal court's discretion to hear state-law claims asserted in a case removed to federal court on the basis of federal question jurisdiction. Under new Section 1441(c), while a case involving a federal question and state-law claims may be removed to federal court, upon removal, the district court "shall sever from the action all [state-law] claims, and shall remand the severed claims to the State court from which the action was removed." See Section 103(a)(3).

The above referenced state suit for declaratory judgment does not implicate any federal jurisdiction and, therefore, this court has no authority to exercise jurisdiction in the instant matter and may only enter purely administrative rulings, specifically, this court must sever all state claims and remand them to the state. Since there are no federal claims, this court only has authority to remand this suit to the state.

## J. *DECLARATORY JUDGMENT*

The declaratory judgment procedure was not intended to expand the jurisdiction of the federal courts. It is not a jurisdictional statute. The declaratory relief statute cannot, in and of itself, provide a basis for federal question jurisdiction.

> The Court stated in Skelly Oil Co. v. Phillips Petroleum Co. , 339 U.S. 667 (1950) that "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, [federal] jurisdiction is lacking."

It is well established that a declaratory relief action will only satisfy Section 1331 if the in-lieu coercive suit would satisfy Section 1331. See *Franchise Tax Bd.  v. Construction Laborers Vacation Trust*, 463 U. S.1 (1983).

### K.  LOOK AT PARTIES' IN-LIEU COERCIVE SUIT

Declaratory judgments are justiciable in federal court if it can be established that there exists a live, genuine dispute of concrete facts.  This restriction is necessary to prevent *every* case that could have a federal defense from being brought into federal court.  Without this rule, *Mottley's* well-pleaded complaint rule is effectively done away with.

> The Court explained in Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S.  1, 9 (1983) that "[federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."

### L.  STATUTORY RIGHT TO RESCIND

**"Passage of the Truth in Lending Act in 1968 culminated several years of congressional study and debate as to the propriety and usefulness of imposing mandatory disclosure requirements on those who extend credit to consumers in the American market."** *Mourning v. Family Publ'ns Serv., Inc.*, **411 U.S. 356, 363 (1973).**

**Congressional hearings leading to the passage of the statute revealed that,**

> "[b]ecause of the divergent, and at times fraudulent," lending practices, "many consumers were prevented from shopping for the best terms available and, at times, were prompted to assume liabilities they could not meet." *Id.* (citing H.R. Rep. No. 90-1040, at 13 (1967); S. Rep. No. 90-392, at 1-2 (1967)).

**Practices resulting in the uninformed and inefficient use of credit included "vicious secondary mortgage schemes" that "victimized" and "defrauded" homeowners.  114 Cong. Rec. 1611 (1968) (statement of Rep. Cahill). Expert testimony confirmed that**

> "such blind economic activity is inconsistent with the efficient functioning of a free economic system such as ours." *Mourning*, 411 U.S. at 363-64 (citing *Hearings on H.R. 11601 Before the Subcomm. on Consumer Affairs of the H. Comm. on Banking and Currency*, 90th Cong., pt. 1, at 76 (1967)).

The Truth in Lending Act "was designed to remedy the[se] problems." *Id.* at 364.   Congress found that:

> "economic stabilization would be enhanced and the competition among various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit." 15 U.S.C. § 1601(a).

It stated that

> "[t]he informed use of credit results from an awareness of the cost thereof by consumers." *Id.*

The statute sought "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Id.*   In particular, the statute requires creditors to disclose to borrowers certain material terms of a mortgage, including

> "finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638).

Section 1635(a)[1] provides that certain borrowers who secure a loan with their "principal dwelling":

> "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . . , whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C.§ 1635(a); *see also id.* § 1635(e) (exempting certain mortgages from Section 1635(a)).

## M. EXERCISE OF RIGHT

A borrower's exercise of the right to rescind sets in motion a series of automatic steps to unwind the transaction, imposing obligations on both the creditor and the borrower.   Section 1635(b) provides that:

> when a borrower "exercises his right to rescind under [Section 1635(a)], he is not liable for any finance or other charge, and any security interest given by the [borrower] . . . becomes void upon such a rescission." *Id.* § 1635(b).

It next provides that:

> "[within 20 days after receipt of a notice of rescission, the creditor shall return to the [borrower] any money or property given as down payment and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Id.*

Subsequently,

> "upon the performance of the creditor's obligations under this section, the [borrower] shall tender the property to the credi- tor," but, "[i]f the creditor does not take possession of the property within 20 days after tender by the [borrower], ownership of the property vests in the [borrower] without obligation on his part to pay for it." *Id.* These "procedures prescribed" by Section 1635(b) "shall apply except when otherwise ordered by a court." *Id.*

Federal Nation Mortgage Assocation, notwithstanding any objections or oppositions it may have had to the above rescission, failed to raise said objections or oppositions within the 20 day time period as stipulated by 15 USC 1635(b) supra and, thereby, waived any such objections or oppositions.

### N.  COMMON NUCLEUS OF OPERATIVE FACT

A state claim will not be allowed to "supplement" a federal claim in federal court if the state claim does not arise from the same "nucleus of operative fact" as the federal claim.  In *United Mine workers v. Gibbs*, 383U.S.715 (1966), the Court held that a state claim may receive supplemental jurisdiction

> "whenever there is a claim arising under [federal law].and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'"

The Court went further and stated that "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court.  The state and federal claims must derive from a common nucleus of operative fact."

## IV.   NO FEDERAL JURISDICTION

The allegation of the above action is that the trustee caused to be filed with the recorder a document

that was fraudulent as the term is defined by Texas Government Code 51.901(c) and, therefore,

said document was void and of no force and effect.  Nothing in the state filing implicates federal

jurisdiction and in as much as the instant action is one merely for declaratory judgment and makes

no claim for damages, it cannot be construed that federal jurisdiction is implicated.

## V.   PRAYER

Petitioner prays of this court for an order remanding this case to the state action for lack of

subject matter jurisdiction of this court.

**Respectfully,**

**Betty Ortiz/**
**845 W. Cleburne Road**
**Crowley, TX 76036**


**Danny Ortiz**

**845 W. Cleburne Rd**

**Crowley TX 76036.**

## VERIFICATION

I, Betty & Danny  Ortiz do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

**Betty Ortiz**

**Danny Ortiz**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

**NOTARY PUBLIC**
STATE OF TEXAS

ANTHONY P CALLINS
My Commission Expires
May 3, 2017

**Notary Seal**

## VERIFICATION

I, Betty & Danny Ortiz, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

**Betty Ortiz**

**Danny Ortiz**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

**NOTARY PUBLIC**
STATE OF TEXAS

ANTHONY P CALLINS
My Commission Expires
May 3, 2017

**Notary Seal**

Quiet Title 845 W. Cleburne Road, Crowly TX 76036

11 of 12

## CERTIFICATE OF SERVICE

I hereby, Betty & Danny Ortiz, certify that a true and correct copy of above and foregoing has been delivered to Terry Ross, Christopher Summers, Felecia Clark & Janna Clarke., on this 21st day of March 2016, by certified mail (Certified Mail Receipt # 7012 3050 0000 9162 5403), Delivered to Crystal G. Roach From Law firm of Barrett Daffin Fraipper Turner & Engle, llp Attorney for all appointed Substitute Trustees in accordance with the rules governing same.

 AND been delivered to Seterus, Inc,. Attorneys MACKIE WOLF ZIENTZ & MANN P.C, on this 21st day of March 2016, by certified mail (Certified Mail Receipt #7012 3050 0000 9162 5441), in accordance with the rules governing same.


**Betty Ortiz**
**845 W Cleburne Rd**
**Crowley TX 76036**

**Danny Ortiz**
**845 W. Cleburne Road**
**Crowley, TX 76036**

EXHIBIT B

# BETTY ORTIZ
# 845 W. CLEBURNE ROAD
# CROWLEY, TX

Federal National Mortgage Association

14221 Dallas Pkwy #1000,

 Dallas, TX 75254

Certified Mail #:  7013 1090 00001 0805 6414

## I.  REF: 9610270

## II. QUALIFIED WRITTEN REQUEST / RESCISSION NOTICE

Greetings:

In reference to the above numbered account, debtor has reason to believe and does believe that the contractual agreement entered into between debtor and lender was entered into under false pretenses and with a lack of full disclosure on the part of lender.  It is believed by debtor that lender failed to properly disclose information in violation of various consumer protection laws and that lender has attached costs to debtor which amount to fraud and possibly usury to the detriment of debtor.  Therefore, debtor challenges the entire amount of the debt from the beginning and until such time as lender complies with the Real Estate Settlement Procedures Act and provides sufficient discovery to satisfy debtor that no improprieties have occurred and that debtor has not been unlawfully treated.

Lender may consider this letter as a ''qualified written request'' under the Real Estate Settlement Procedures Act, 12 U. S. C.  Section 2605(e) and Regulation X at 24 C. F. R.  3500, and The Gramm Leach Bliley Act.  Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until lender has responded to each of the requests and has made corrections to any irregularities debtor indicates after examination of the information presented.

**Qualified Written Request**                                                                                    **1 of 14**

## III.   INSTRUCTIONS

In order that debtor may assess the accuracy of information now in possession of debtor and to secure more complete evidence that may dispel or explain debtor's concerns, please provide complete discovery of all the information herein requested in accordance with the following instructions:

1.   Please do not attempt to contact debtor by phone or by any other informal method.

2.   Please make all communications in an accepted official and verifiable manner, either:

   a.   by letter;

   b.   by email; or

   c.   by fax.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by lender that contains any information on this account number or debtor's name.

As such, please provide, at the address above, copies of the documents requested below, with a verified testament to the veracity and correctness of all information provided, as soon as possible.

## IV.   PRODUCTION OF DOCUMENTS

The following documents are required to be produced by lender to debtor under various consumer protection laws, but are either missing from debtor's records or incomplete.   For each item requested, please provide a complete, legible copy.

## V. NOTICES REQUIRED

A number of notices are required by various consumer protection laws.   Please provide a copy of each notice the lender is required to provide to the borrower either signed or initialed by borrower and dated so to show that the notice was timely provided.   Please provide a copy of the following:

1.   loan application (HUD 1003);

2.   all Good Faith Estimates prepared for borrower;

3.   the Truth In Lending Statement;

4. settlement statement (HUD1);  promissory note (to include a stipulation as to where the Federal Trade Commission Holder Rule warning may be found in said document);

5. all notices required to be presented to borrower, showing either the signature or initials and also the date of said signature or initial as proof said disclosure was timely presented to debtor.

## VI.   FINANCE CHARGES

For each item with an amount in the table below, please provide the name of the recipient, an itemized billing from recipient detailing the services rendered, and a copy of the disbursement to recipient.

| 803 | Appraisal Fee | $300.00 |
|---|---|---|
| 805 | Broker Origination Fee | $1,450.00 |
| 806 | Other Broker Fees | $400.00 |
| 807 | Lender Loan Administration Fee | $890.00 |
| 901 | Interest | $775.03 |
| 1101 | Settlement fee | $200.00 |
| 1103 | Doc Prep Fee | $30.00 |
| 1104 | Courier, Wire & Handling Fee | $60.00 |
| 1105 | ARM Endorsement Fee | $80.00 |
| 1108 | Title Insurance | $250.00 |
| 1201 | Recording Fee | $68.00 |

Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws.  Therefore, please provide;

1. a complete billing from each vendor who provided the above listed services;

2. the complete contact information for each vendor who provided a billed service;

3. clearly stipulate as to the specific service performed;

4. a showing that said service was necessary;

5. a showing that the cost of said service is reasonable;

6. a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

The above charges are hereby disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $234,179.77. This amount will be reduced by the amount of items above when said items are fully documented

## VII.   RESPA PENALTIES

From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

1. Good  Faith Estimate not within limits

2. No HUD-1 Booklet

3. Truth In Lending Statement not within limits compared to Note

4. Truth in Lending Statement not timely presented

5. HUD-1 not presented at least one day before closing

6. No Holder Rule Notice in Note

7. No 1st Payment Letter

   a. No signed and dated :

   b. Financial Privacy Act Disclosure;

   c. Equal Credit Reporting Act Disclosure;

   d. notice of right to receive appraisal report;

   e. servicing disclosure statement;

   f. borrower's Certification of Authorization;

   g. notice of credit score;

   h. RESPA servicing disclosure letter;

    i.   loan discount fee disclosure;

    j.   business insurance company arrangement disclosure;

    k.   notice of right to rescind.

The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance. And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

Since the courts have held that the penalty for a violation of RESPA accrues at consummation of the note, borrower has calculated that, the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, of $370,558.95

If the violation penalty amounts for each of the unsupported fees listed above are included, the amount by which the borrower would be defrauded is. $198,547.49.

Adding in RESPA penalites for all the unsupported settlement fees along with the TILA/Note variance, it appears that lender intended to defraud borrower in the amount of $803,286.21.

## VIII. EVIDENCE OF CONTRACT

Petitioner hereby demands that the lender produce the original contract for inspection by Petitioner. Please notify Petitioner of the time and place said inspection may take place.

## IX.   STANDING TO ENFORCE CONTRACT

In order to establish that the current servicer of the above account has standing to raise any issue concerning collection under the above referenced account, requester demands a complete un-redacted copy of the following:

   1.  The security instrument which contains:

      a.   the date and signature of debtor;

    b.   the promise to pay the amount claimed in the account,

    c.   all direct endorsements added to said instrument after creation by borrower; and

    d.   any allonges which may be associated with said security instrument.

2.  Please identify the master record holder of this account file.

3.  Please identify, by name and current contact information, each and every person or entity who has received a financial benefit from the monies paid by debtor related to the instant account, to include, but not limited to the following:

    a.   every individual, entity, party, bank, trust organization or servicer that has been assigned the mortgage servicing rights to this account ;

    b.   every person or entity who is currently receiving or who has ever received a beneficial interest from the payments of principal and interest on this loan;

    c.   all investors [as defined in the lender industry] who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date;

    d.   the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above;

    e.   provide contact information for each person or entity referenced by the preceding entry.

4.  Please provide copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date.

5.  If part of a mortgage pool, please provide the principal balance used by lender to determine payment for this individual mortgage loan.

6.  If part of a mortgage pool, please provide the percentage paid by lender of the principal balance used to determine purchase of this individual mortgage loan.

7.  Please identify the person or entity to which the current real party in interest issued a check or payment for the purchase of this mortgage loan.

8.  Please provide copies of the front and back of the canceled check(s) used to purchase the security from any real party in interest by the entity now standing as the current real party in interest.

9.  If the entity now purporting to hold a claim against the property is an agent for the real party in interest, please provide the name and contact information for the real party in interest.

10. Please provide evidence that the Department of Housing and Urban Development (HUD) assigned or transferred foreclosure rights to lender as required by 12 USC 3754. Please identify, to include contact information for every person with authority to act in the place of the real party in interest concerning this account.

11. For each of the above, please provide contact information for every person whose signature appears on any document requested.

# X. TRUSTEE

In as much as a trustee has been appointed to act as a neutral party in matters concerning the instant contractual arrangement, in order that requester may determine the status of said trustee, please provide the following:

1. A copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust and any Note in this matter, to include, but not limited to, a copy of all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust and any Note.

2. Please advise debtor of any relationship between trustee and lender.

3. If any trustee is an attorney, please include:

   a.   contact information; and

   b.   evidence of good standing with the bar association of every state in which the attorney claims to be authorized to practice law, and/or do business; and

   c.   the license to practice law for those states that require such license.

4. Please send to the requester a copy of document(s) establishing the date of any appointment of Trustee.

5. Please provide any and all assignments, transfers, nominees, or any substitute trustee(s).

6. Please send to the requester a copy of document(s) establishing any Grantor for this Mortgage/Deed of Trust and any Note.

7. Please send to the requester a copy of document(s) establishing any Grantee for this Mortgage/Deed of Trust and any Note.

8. Please send to the requester a copy of document(s) establishing any Beneficiary for this Mortgage/Deed of Trust and any Note.

9. Please send to the requester documentation evidencing precisely what type of trust the Mortgage or Deed of Trust is intended to establish.

## XI.   COMPLETE ACCOUNTING

In order that requester may narrow the scope of any subsequent requests, please provide a complete listing of all records collected, assembled, and/or maintained by lender concerning the instant account including those maintained by any entity which may have records, relevant to the instant account, in its actual or constructive control.

1. In order that requester may accurately assess the propriety of all funds demanded by creditor, please provide requester with the following:

    a. the method of storage for each record;

    b. the name or designation of each record kept;

    c. the scope and substantive content of each record kept;

    d. the most efficient method of making each record available for inspection if other than printed format;

2. As it relates to the account, please provide all data, information, notations, text, figures and information contained in lender mortgage servicing and accounting computer systems including, but not limited to, Alltel or Fidelity CPRequester system, or any other similar mortgage servicing software used by lender, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

3. Descriptions and legends of all Codes used in lender mortgage servicing and accounting system.

4. All assignments, transfers, alonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by debtor to this obligation in this account from the inception of this account to the present date including, but not limited to, any such assignments on MERS.

5. For all transfers, alonges, or other documents evidencing a transfer or sale of this mortgage, please provide the name and contact information (to include a current mailing address) for each person who signed any document authorizing said transfer or sale.

6. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument, or servicing rights to this mortgage including any such assignments on MERS.

7. All deeds in lieu, modifications to this mortgage, monetary instruments or deed(s) of trust from the inception of this account to the present date.

8. The front and back of each and every security instrument. to include, but not limited to, every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

9. All escrow analyses conducted by lender or any regulatory agency on this account from the inception of this account until the date of this letter.

10. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, broker fees, etc.

11. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made on the instant account.

12. All letters, statements and documents sent by agents, attorneys, or representatives of creditor.

13. All letters, statements and documents contained in this account file or imaged by lender and any servicers or sub-servicers of this mortgage from the inception of this account to present date.

14. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

15. Any IRS 1099a forms filed relating to the account.

In the event that lender considers any of the above requests to be burdensome or overbroad, please provide explanations and suggestions that will allow debtor to narrow the scope of the instant request so as to avoid unnecessary inconvenience in compliance with the disclosure provisions of all relevant disclosure requirements.

## XII.  ACCOUNTING & SERVICING SYSTEMS

In order that requester may determine that the lender has implemented and maintained an accounting system sufficient to insure against mistake or error, please provide the following:

1. The standing policy of the lender concerning the practices and procedures to be used by its brokers, loan officers, and other employees to endure good faith and fair dealings with the public.

2. A list of all persons terminated from the lender's employment as a result of work-related misconduct, for a period beginning on the date the instant account was created and ending on the date of this request. (In the

interest of protecting the privacy of the individuals involved, you may identify the individuals by first name and middle initial only.)

3.  A complete explanation of the audit procedures in place to insure against violations of standing law and company policies.

4.  All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

5.  Please identify each account, accounting, and servicing system used by lender and by any sub-servicers or previous servicers from the inception of this account to the present date so that I and others can decipher the data provided.

6.  For each account, accounting, and servicing system identified by lender and by any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

7.  For each account, accounting, and servicing system used by lender and by any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I and others can adequately audit this account.

## XIII. ESCROW

As escrow accounts, historically, have been a fertile field for fraud, please provide the following concerning any and all escrow accounts related to the instant account:

1.  Complete escrow instructions;

2.  Please stipulate the manner in which the amount required to be kept in escrow is calculated.

3.  A complete, plain language explanation of each disbursement to include:

    a.  to whom the disbursement was made;

    b.  the date of the disbursement;

    c.  the reason for said disbursement.

## XIV. SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term 'suspense account' and 'unapplied account' as one and the same:

1. Please list any suspense or unapplied account transactions on this account from the inception of this account until present date.

2. Please explain the reason for each and every suspense transaction that occurred on this account.

## XV.   PROPERTY INSPECTIONS

For purposes of this section, the terms 'property inspection' and 'inspection fee' refer to any inspection of property by any source, and any related fee or expense charged, assessed or collected for such inspection. Please provide the following:

1. Please detail and list in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

2. Please identify in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement requester signed that authorized the assessment or collection of property inspection fees.

3. Please forward to me copies of all property inspections made on the instant property referenced by the above account number.

4. Please disclose any fee charged or assessed for property inspections which has been placed into escrow for the instant account.

## XVI.  BPO FEES

1. Please disclose any BPO's [Broker Price Opinions] conducted on the instant property for which a fee was charged to debtor, along with:

    a.  the date of each inspection;

    b.  the price of each;

    c.  the name and contact information of the person who conducted each BPO;

    d.  why the BPO's were conducted;

    e.  any and all fees charged or assessed for a BPO placed into escrow.

2. Please specify the lender policy on BPO's.

3. Please state specifically which clause, paragraph or sentence in the note, mortgage or deed of trust or any agreement which requester has executed which allows lender to assess, charge or collect a BPO fee from requester.

## XVII. FORCED-PLACED INSURANCE

For each and every forced-placed insurance policy placed on the instant property, please provide the following:

1. the date of each policy ordered or placed on the property that is the secured interest for this mortgage, deed or note;

2. the price of each policy;

3. the agent for each policy;

4. why each policy was placed on the instant property;

5. lender policy on forced-placed insurance;

6. records of any forced-placed insurance fees assessed to this mortgage or escrow account;

7. for each separate fee, specifically which clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement requester has executed which allows lender to assess, charge or collect such forced-placed insurance fee;

8. the nature of any relationship with the agent or agency that placed any policies on the instant property;

9. the nature of any relationship between the carrier that issued any policies on the instant property and the lender;

10. for any policy where the beneficiary is not the borrower, please stipulate the authority to force-place said policy;

11. the name of the agency or carrier which lender used to place a forced-placed insurance policy on the instant property to include a description of any service, computer system, discount on policies, commissions, rebates or any form of consideration provided to lender;

12. any blanket insurance policy to protect lender properties when customer policies have expired;

13. copies of all forced-placed insurance policies that have been ordered on the instant property.

## XVIII.   AFFIRMATIONS

Please validate this debt with an *affirmed and verified* certification of the following:

1. that all fees claimed or collected in connection with the above referenced contract establishing the instant debt:

     a.   are fair, reasonable, and in keeping with all laws, rules and regulations relevant to same;

        Affirmed _____

     b.   are accurate in accordance with the terms of said contract and the now existing law;

        Affirmed _____

2.  that all fees assessed are:

     a.   fees for actual service performed, and

        Affirmed _____

     b.   that no Rodash type fees were assessed without full disclosure and explanation to borrower;

        Affirmed _____

3.  that no fees were paid for referrals, or up-selling, to any person not authorized to receive such payments;

   Affirmed _____

4.  that all notifications and explanations required by law were properly and timely made to debtor;

   Affirmed _____

5.  that the appraisal used by the lender is a true and accurate appraisal and has not been manipulated in any way;

   Affirmed _____

6.  that no improper practices were used to manipulate the accounting in order to falsely present the borrower as qualified for a loan that was beyond the borrower's means to repay;

   Affirmed _____

7.  that all monies collected from borrower have been properly and timely posted to the account of borrower;

   Affirmed _____

8.  that all persons with a fiduciary duty to borrower have acted with the highest of integrity and in good faith and fair dealings with borrower;

   Affirmed _____

9.  that the borrower was not subjected to any improper practices or pressures by either the broker or representative of the lender that would violate any of the consumer protection laws.

   Affirmed _____

## XIX.  DEBTOR DISPUTES ALL DEBT

Please provide the above in a timely manner; requester considers the need for the above to be urgent.  In the event any deletions or redactions to any records occur, please provide the scope and substantive content of the records omitted from this request and the specific authority for the withholding of the requested information.

Until such time as the information requested herein is provided, requester disputes the validity of lender's lawful ownership, funding, entitlement right, and the current debt lender alleges.  By debt, requester is referring to the principal balance which lender claims requester owes;, the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by lender or any trust or entity for which lender may service or subservice.

## XX.   RESCISSION

In as much as borrower has reason to believe the instant contract was induced by predatory lending practices, fraudulent inducement, and fraud by non-disclosure, in the event lender is unable prove up the propriety of all fees collected and that none of the fees were, in fact, disguised commissions paid to the broker, borrower demands that lender rescind the entire contract and return all monies paid by borrower in return for value due lender, by, on, or before the 60th day after receipt of this document.

## XXI.  QUALIFIED WRITTEN REQUEST

Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500 21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U. S. C.  § 1601, et seq.

Respectfully,

Betty Ortiz

EXHIBIT C

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal National Mortgage
14221 Dallas Pkwy #1000
Dallas TX 75254

9590 9402 1248 5246 5920 53

2. Article Number (Transfer from service label)
7013 1090 0001 0805 6414

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Billy Foster_     ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt