IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BETTY & DANNY ORTIZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:16-cv-141-O** |
| | § | |
| **SETERUS, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## ORDER

Before the Court are Defendant Seterus, Inc.'s ("Seterus") Motion to Dismiss and Brief in Support (ECF Nos. 6-7), filed February 29, 2015; Defendants Felecia Clark, Janna Clark, Terry Ross, and Christopher Summers' Motion to Dismiss (ECF No. 8), filed March 1, 2016; and Plaintiffs Motion to Remand (ECF No. 9), filed March 21, 2016, to which Defendant Seterus filed a Response (ECF No. 12) on April 5, 2016. The Court **DENIES** Plaintiffs' Motion to Remand. The Court also **DISMISSES** Plaintiffs' claims *sua sponte* because Plaintiffs have repeatedly failed to comply with Court orders.

The Court ordered the parties to conduct a Scheduling Conference by March 8, 2016, and to submit a Joint Report by March 22, 2016. *See* Order 1-2, Feb. 23, 2016, ECF No. 5. Defendant submitted a Status Report whereby they informed the Court that "[d]espite Defendants' attempt to confer with Plaintiffs regarding the Joint Status Report, Plaintiffs failed to cooperate." *See* Defendant's Status Report 1, ECF No. 10. As a result, the Court ordered Plaintiffs to "file a pleading

1

explaining why they failed to follow the Court's February 23, 2016 Order requiring them to meet and confer with opposing counsel and to file a joint status report." *See* Order 1, Mar. 23, 2016, ECF No. 11. The Court advised Plaintiffs that "when a plaintiff fails to prosecute or to comply with a court order, the district court may *sua sponte* dismiss the action or claim pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Fed. R. Civ. P. 41(b); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). The Court also stated that "[f]ailure to follow this order may result in dismissal of this case." *Order*, Mar. 23, 2016, ECF No. 11. Plaintiffs failed to respond to this order as well.

It has become evident that Plaintiffs do not intend to comply with the Court's orders and that Plaintiffs do not intend to prosecute this case in this Court.[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, Plaintiffs' claims against Defendants are **DISMISSED without prejudice** for failure to prosecute pursuant to Federal Rules of Civil Procedure Rule 41(b). *Boudwin*, 756 F.2d at 401.

**SO ORDERED** on this **26th day** of **April**, **2016**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs filed a Motion to Remand for lack of subject matter jurisdiction, but the Court **DENIES** that motion because remand "is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). It is clear that this case satisfies both diversify jurisdiction and federal question jurisdiction under the Truth in Lending Act ("TILA"). *See generally* Notice of Removal, ECF No. 1.